UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RICK ALLEN DECK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-716-PPS-MGG |
| | ) | |
| KATHY GRIFFIN, et al., | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Rick Allen Deck, a prisoner without a lawyer, filed a complaint against three defendants at the Miami Correctional Facility. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On December 29, 2016, while Deck was housed at Miami, he was attacked by six inmates and suffered serious injuries. Deck alleges that Officer Mosley watched, but he did not call a signal to stop the attack or otherwise help him. When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). And, "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotations marks and citations omitted). Officer Mosley had no obligation to physically intervene in the attack, but it can plausibly be inferred from the complaint that Officer Mosley took no action whatsoever. Further factual development may demonstrate that Officer Mosley did in fact take some action in response to the attack, or that his options were limited by personal safety concerns. But, at this stage of the proceedings, taking the inferences in the light most favorable to Deck, he has stated a claim for failure to intervene.

Next, Deck sues Case Worker Mrs. Opps. He complains only that she saw him after the attack and did nothing to help. In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). While Deck alleges that Opps saw him bloody following the attack, he does not allege that he received no medical treatment or even that his medical treatment was delayed because Opps ignored his needs. Without more facts, it cannot be plausibly inferred that Opps, a non-medical staff member, was deliberately indifferent to Deck's medical needs. Deck's allegations against Opps are too vague to state a claim.

Lastly, Deck alleges that Superintendent Kathy Griffin is liable because she failed to have her staff protect him. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Superintendent Griffin cannot be held liable simply because she oversees operations at the prison or supervises other correctional officers. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

For these reasons, the Court:

(1) **GRANTS** Rick Allen Deck leave to proceed against Officer Mosley in his individual capacity on an Eighth Amendment claim that Officer Mosley was deliberately indifferent to Deck's safety when he failed to intervene in an inmate altercation that occurred on December 29, 2016;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Case Worker Mrs. Opps and Superintendent Kathy Griffin;

(4) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Officer Mosley at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Mosley respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on March 29, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT