UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICK ALLEN DECK,

    Plaintiff,

    v.                                  CAUSE NO.: 3:17-CV-716-PPS-MGG

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

OPINION AND ORDER

Rick Allen Deck, a prisoner without a lawyer, filed an amended complaint against Governor Eric Holcomb, Commissioner Robert Carter, Officer Brandon Mosley, and the Indiana Department of Correction. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The amended complaint alleges essentially the same facts as his initial complaint. On December 29, 2016, while Deck was housed at Miami Correctional Facility, he was attacked by six inmates and suffered serious injuries. Deck alleges that Officer Mosley watched, but he did not call a signal to stop the attack or otherwise help him. When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). And, "A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011)(quoting *Guzman v. Sheahan,* 495 F.3d 852, 858 (7th Cir. 2007) and *Peate v. McCann,* 294 F.3d 879, 883 (7th Cir. 2002)). Officer Mosley had no obligation to physically intervene in the attack, but it can plausibly be inferred from the complaint that Officer Mosley took no action whatsoever. Therefore, taking the inferences in the light most favorable to Deck, he has stated a claim for failure to intervene.

Additionally, the amended complaint names the Indiana Department of Correction as a defendant, but the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). These exceptions do not apply here, so I cannot permit Deck to pursue his claim against the IDOC.

The amended complaint also adds Governor Holcomb and Commissioner Carter, but Deck does not allege that either Governor Holcomb or Commissioner Carter were personally involved in the incident. Rather, Deck believes that, as supervisors, they should be liable too. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and neither Governor Holcomb nor Commissioner Carter can be held liable simply because the oversee operations at the prison or supervises other correctional officers. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Therefore, I must dismiss Governor Holcomb and Commissioner Carter.

For these reasons, the court:

(1) GRANTS Rick Allen Deck leave to proceed against Officer Mosley in his individual capacity on an Eighth Amendment claim that Officer Mosley was deliberately indifferent to Deck's safety when he failed to intervene in an inmate altercation that occurred on December 29, 2016;

(2) DISMISSES all other claims;

(3) DISMISSES Governor Holcomb, Commissioner Carter, and Indiana Department of Correction;

(4) DIRECTS the clerk and the United States Marshals Service, to issue and serve process on Officer Mosley at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Mosley respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 10, 2018.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT