UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICK ALLEN DECK,

    Plaintiff,

v.

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

CAUSE NO.: 3:17-CV-716-PPS-MGG

OPINION AND ORDER

Rick Allen Deck, a prisoner without a lawyer, is proceeding on a single claim that Officer Mosley was deliberately indifferent to Deck's safety when he failed to intervene in an inmate altercation that occurred on December 29, 2016. The clerk has entered a default against Officer Mosley, and the case has now reached the stage where I must determine what damages should be awarded to Deck. Now, nearly two years after this case was filed, Deck has filed a proposed amended complaint.

At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

The proposed amended complaint alleges essentially the same facts as his two earlier complaints. (ECF 2, 30, 57.) On December 29, 2016, while Deck was housed at Miami Correctional Facility, he was attacked by six inmates and suffered serious injuries. Deck alleges that Officer Mosley watched, but he did not call a signal to stop the attack or otherwise help him. While these allegations state a claim, Deck has already been granted leave to proceed on that claim.

Deck again names the Indiana Department of Correction as a defendant, but I have already explained to Deck (ECF 31) that the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

And, Deck names Superintendent Kathy Griffin[1] and Governor Holcomb in his proposed amended complaint, but he does not allege that either of them was personally involved in the incident. I have already told Deck (ECF 31) that there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Thus, neither Kathy Griffin nor Governor Holcomb are liable to Deck simply because the oversee operations at the prison or supervises other correctional officers.

---

[1] Deck's previous complaint named Commissioner Carter instead of Superintendent Griffin. (ECF 30.)

2

Because the proposed amended complaint states only one claim and that claim is identical to the claim that Deck has been granted leave to proceed on, it would be futile for me to allow the amendment. Furthermore, allowing the amendment would result in unnecessary delay in bringing this case to a conclusion.

For these reasons, the court DENIES Rick Allen Deck leave to file his proposed amended complaint. (ECF 57.)

SO ORDERED on July 12, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT