UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICK ALLEN DECK,

  Plaintiff,

  v.            CAUSE NO.: 3:17-CV-716-PPS-MGG

BRANDON MOSLEY,

  Defendant.

OPINION AND ORDER

  Rick Allen Deck, a prisoner without a lawyer, asks that I reconsider my order denying him leave to amend his complaint to include additional defendants. As explained previously, this case was filed nearly two years ago, and Deck was granted leave to proceed only against Officer Mosley on a claim that he was deliberately indifferent to Deck's safety when he failed to intervene in an inmate altercation that occurred on December 29, 2016. Officer Mosley was served, but he failed to appear, so Deck sought an entry of default against Officer Mosley, and I granted that request. Thus, this case has now reached the stage where all that remains to be done is to determine what damages should be awarded to Deck.

  At this late stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While leave should be freely given when justice requires it, leave can be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In considering Deck's proposed amended complaint (ECF 57), I noted that it alleged essentially the same facts as his two earlier complaints. And, like the earlier complaints, Deck again names the Indiana Department of Correction as a defendant, but, as I've already explained to Deck (ECF 31, ECF 58), the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Deck's proposed amended complaint also sought to add two defendants who were not personally involved in the incident: Superintendent Kathy Griffin and Governor Holcomb. I've already told Deck (ECF 31, ECF 58), there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Neither Kathy Griffin nor Governor Holcomb can be held liable to Deck simply because they oversee operations at the prison or supervise other correctional officers. Deck explains in his motion to reconsider that he wants to include the IDOC, Superintendent Griffin, and Governor Holcomb because the damages he has suffered are likely more than Officer Mosley could be required to pay. That is not a basis for allowing claims to go forward against defendants who are immune or not personally involved in the incident.

The proposed amended complaint that Deck tendered states only one viable claim – the claim against Officer Mosley for which Deck has already obtained an entry of default. Deck was denied leave to amend because he would achieve nothing by filing

the proposed amendment, and because it would result in unnecessary delay. Nothing in Deck's motion to reconsider suggests otherwise, and I stand by my ruling.

For these reasons, the court DENIES Rick Allen Deck's Motion to Object ad Reconsider the Amended Complaint. (ECF 59.)

SO ORDERED on August 6, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT