UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICK ALLEN DECK,

    Plaintiff,

v.                                    CAUSE NO.: 3:17-CV-716-PPS-MGG

BRANDON MOSLEY,

    Defendant.

OPINION AND ORDER

Rick Allen Deck, a prisoner without a lawyer, was granted leave to proceed against Officer Mosley in his individual capacity on an Eighth Amendment claim that Officer Mosley was deliberately indifferent to Deck's safety when he failed to intervene in an inmate altercation that occurred on December 29, 2016. (ECF 31.) When Officer Mosley failed to appear or answer the complaint, the Clerk entered default against him. (ECF 52.) Thereafter, Deck sought to amend his complaint (ECF 57) to add the Indiana Department of Correction, Superintendent Kathy Griffin, and Governor Holcomb as defendants. I found that the proposed amended complaint stated only one claim, and that the claim was identical to the claim for which Deck had already been granted leave to proceed. (ECF 58.) Therefore, I found that granting Deck leave to amend would be futile and result in unnecessary delay. (*Id.*) Deck asked that I reconsider my order, and I denied that request. (ECF 59; ECF 60.) Thereafter, Deck again filed an amended complaint without obtaining leave of court. (ECF 61.)

At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (internal quotation marks and citation omitted).

In his proposed amended complaint, it is not entirely clear who Deck wants to include as defendants. The caption lists Brandon Mosley and the IDOC as defendants. (ECF 61 at 1.) The introductory paragraph indicates that Deck is amending to add the IDOC. (*Id.*) In the section titled "Parties," Deck lists only himself, Eric Holcomb, and Robert Carter. (*Id.* at 1-2.) But he seeks compensatory damages against "Defendant Mosley and the State of Indiana Department of Corrections representors Defendants Carter and Holcomb," and he seeks punitive damages against Carter, Mosley, and the IDOC. (*Id.* at 5-6.)

I have repeatedly explained to Deck that he may not proceed against the Indiana Department of Correction because it is a State agency and is immune from suit pursuant to the Eleventh Amendment. (ECF 31, ECF 58; ECF 60.) And I have repeatedly explained to Deck that he may not proceed against defendants who were not personally involved in the incident. (*Id.*) Thus, I cannot permit Deck to proceed against any of the

2

defendants that he seeks to add to this case, and granting him leave to amend would be futile.

The proposed amended complaint that Deck tendered (ECF 61) states only one viable claim – the claim against Officer Mosley for which Deck has already obtained an entry of default. Therefore, leave to amend is DENIED. Furthermore, I caution Deck that, if he continues to seek leave to amend to add the IDOC, Robert Carter, Eric Holcomb, Superintendent Kathy Griffin, or other defendants that were not personally involved in the incident, he may be fined, sanctioned, or restricted without further notice.

SO ORDERED on November 22, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT